**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| TECHNICAL SERVICES, INC., <br> Plaintiff, <br><br> v. <br><br> PRECISION AUTOMATION, INC. <br><br> Defendant. | Civil Action No. 05-cv-518 <br><br><br><br> **Jury Trial Demanded** |

**COMPLAINT**

For its Complaint, Plaintiff Technical Services, Inc. ("TSI") alleges against Defendant

Precision Automation, Inc. ("Precision") as follows:

**THE PARTIES**

1.      Plaintiff TSI is a corporation duly organized and existing under the laws of the

state of Iowa, having its principal place of business at 57006 - 241st Street, Ames, Iowa, 50010.

TSI is in the business of supplying industrial woodworking equipment including automated

stop/gauge and pusher systems.

2.      On information and belief, Defendant Precision is a corporation duly organized

and existing under the laws of the state of Washington, having its principal place of business at

12909 N.E. 95th Street, Vancouver, Washington, 98682.  Precision is the owner of U.S. Patent

No. 6,898,478 ("the '478 patent"), U.S. Patent No. 6,886,462 ("the '462 patent) and is a licensee

of U.S. Patent No. 5,444,635 ("the '635 patent).  (Copies are attached as Exhibits A, B, and C

respectively.)  Precision has also been assigned several other pending patent applications,

including U.S. Patent Application No. 2004/0231122 A1 ("the '122 Application") and U.S.

Patent Application No. 2005/0115375 A1 ("the '375 application").  (Copies attached as Exhibits

D and E respectively.)

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C § 1331, as

the case arises out of the anti-trust laws of the United States, particularly Title 15 of the United

States Code; it arises as well under 28 U.S.C. § 1332 there being complete diversity between the

parties and the amount in dispute exceeds seventy-five thousand dollars ($75,000); it arises as

well under 28 U.S.C. § 1367, there being supplemental jurisdiction over the claims arising under

Chapter 553 of the Iowa Code..  Therefore, this Court has jurisdiction of this action under 28

U.S.C. §§ 1331 and 1332.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and § 1391(b)(2)

because this is a civil action wherein jurisdiction is not founded solely on diversity of citizenship

and this is a judicial district in which a substantial part of the events giving rise to the claim have

occurred.

5.      On information and belief, Precision is conducting and transacting business in the

state of Iowa and elsewhere in the United States in connection with the allegations of this

lawsuit, causing injury to Plaintiff in Iowa, and is subject to personal jurisdiction in this district.

## BACKGROUND

6.      On June 15, 2005, Precision filed suit against TSI in the United States District

Court for the District of Oregon, Case No. 05-873MO.  (Copy of the Complaint is attached as

Exhibit F.)

7.      Therein Precision alleged that through its U.S. affiliate Tiger Stop®, L.L.C., "Precision is the 'market leader' in stop/gauge and pusher systems, which are computerized systems for optimizing the processing of materials used in manufacturing products such as cabinets, and furniture."

8.      Precision further alleged infringement of the '478, '462 and '635 patents.

9.      To date, Precision has not served this Complaint on TSI.

10.     On June 17, 2005, Precision sent a letter to TSI's counsel enclosing a "courtesy copy" of Precision's Complaint and enclosing copies of the '478, '462 and '635 patents.

11.     On August 29, 2005, Precision sent a letter to TSI's counsel enclosing several patent applications including the '122 and '375 patent applications owned by Precision.  Therein, Precision indicated it would take "all appropriate steps to enforce and protect its intellectual property rights, including seeking pre-grant damages associated with patent claims that mature from Precision's published patent applications."  (Copy attached as Exhibit G.)

**COUNT I**
**(Federal Antitrust Violations Under the Sherman Act 15 U.S.C. § 2)**

12.     TSI restates and incorporates by reference herein the preceding paragraphs 1-11. TSI alleges the Defendant is monopolizing or attempting to monopolize the market for stop/gauge and pusher systems in violation of the Sherman Act, Title 15, U.S.C. § 2.

13.     Upon information and belief Precision's market for stop/gauge and pusher systems is throughout the United States, and constitutes millions of dollars per year.  Precision possesses and is attempting to possess monopoly power in that market.

14.     On or about August 20, 2003, Precision filed patent application No. 10/645,865, which eventually resulted in issuance of the '478 patent and application No. 10/645,831, which eventually issued as the '462 patent.  Precision, however, knowingly and willfully failed to disclose to the Patent Office relevant prior art including a 2000 Tiger Stop® brochure illustrating and offering for sale Tiger Stop® stop/gauge and pusher systems.  (A copy is attached as Exhibit H.)

15.     During the prosecution of these patents, Precision was required to disclose to the Patent Office all relevant prior art pursuant to 35 U.S.C. § 111, 37 C.F.R. § 1.56.

16.     Precision was in a unique position to know of the existence of the relevant prior art that it failed to disclose to the Patent Office, in that Precision manufactured and/or sold the Tiger Stop® equipment illustrated in the 2000 brochure.  Upon information and belief, had the Patent Office known of the 2000 brochure, the '478 and '462 patents never would have issued.

17.     Precision thus knowingly and willfully prosecuted the '478 and '462 patents by fraud.

18.     On or about August 20, 2003, Precision filed the '122 application and on October 12, 2004, Precision filed the '375 application in the U.S. Patent Office.

19.     On information and belief, the '122 Application and the '375 Application were filed after viewing TSI's products at TSI dealers, on TSI's web pages or at trade shows.

20.     On information and belief, Precision was aware that the '122 Application and the '375 Application were invalid at the time the applications were filed.

21.     Precision has threatened to enforce the claims of the '478 and '462 patents against TSI if TSI does not accept a coerced licensing arrangement to resolve the pending litigation in the U.S. District Court for the District of Oregon.

22.     Precision has also threatened to enforce the claims of at least the '122 Application and the '375 Application if TSI does not accept a coerced licensing arrangement to resolve the pending litigation in the U.S. District Court for the District of Oregon.

23.     Precision is attempting to illegally obtain damages and royalties from TSI concerning products for which there clearly is no valid and enforceable patent coverage. Precision's threats constitute an improper effort to unlawfully increase its market share and market power through the use of invalid, non-infringed, and/or unenforceable patent rights with anti-competitive effects.

24.     Said monopolization and attempt to monopolize directly and proximately cause damage to TSI's business by causing TSI to lose sales and incur unnecessary legal expenses in an amount to be determined at trial.

WHEREFORE, TSI prays the Court enter a judgment in its favor and against Precision and award TSI compensatory damages, treble damages pursuant to 15 U.S.C. § 15, costs, reasonable attorney's fees, and such further relief as the Court deems appropriate.

### COUNT II
### (Iowa Antitrust Violations Under Iowa Code Chapter 553)

25.     TSI restates and incorporates by reference herein the preceding paragraphs 1-24. TSI alleges the Defendant is monopolizing or attempting to monopolize the market for stop/gauge and pusher systems in violation of the Iowa Code Section 553.5.

26.     Upon information and belief Precision's market for stop/gauge and pusher systems is throughout the United States, and constitutes millions of dollars per year.  Precision possesses and is attempting to possess monopoly power in that market.

27.     On or about August 20, 2003, Precision filed patent application No. 10/645,865, which eventually resulted in issuance of the '478 patent and patent application No. 10/645,831 which eventually resulted in issuance of the '462 patent.  Precision, however, knowingly and willfully failed to disclose to the Patent Office relevant prior art including a 2000 Tiger Stop® brochure illustrating and offering for sale Tiger Stop® stop/gauge and pusher systems.  (A copy is attached as Exhibit H.)

28.     During the prosecution of these patents, Precision was required to disclose to the Patent Office all relevant prior art pursuant to 35 U.S.C. § 111, 37 C.F.R. § 1.56.

29.     Precision was in a unique position to know of the existence of the relevant prior art that it failed to disclose to the Patent Office, in that Precision manufactured and/or sold the Tiger Stop® equipment illustrated in the 2000 brochure.  Upon information and belief, had the Patent Office known of the 2000 brochure, the '478 and '462 patents never would have issued.

30.     Precision thus knowingly and willfully prosecuted the '478 and '462 patents by fraud.

31.     On or about August 20, 2003, Precision filed the '122 application and on October 12, 2004, Precision filed the '375 application in the U.S. Patent Office.

32.     On information and belief, the '122 Application and the '375 Application were filed after viewing TSI's products at TSI dealers or on TSI's web pages.

33.     On information and belief, Precision was aware that the '122 Application and the '375 Application were invalid at the time the applications were filed.

34.     Precision has threatened to enforce the claims of the '478 and '462 patents against TSI if TSI does not accept a coerced licensing arrangement to resolve the pending litigation in the U.S. District Court for the District of Oregon.

35.     Precision has also threatened to enforce the claims of at least the '122 Application and the '375 Application if TSI does not accept a coerced licensing arrangement to resolve the pending litigation in the U.S. District Court for the District of Oregon.

36.     Precision is attempting to illegally obtain damages and royalties from TSI concerning products for which there clearly is no valid and enforceable patent coverage. Precision's threats constitute an improper effort to unlawfully increase its market share and market power through the use of invalid, non-infringed, and/or unenforceable patent rights with anti-competitive effects.

37.     Said monopolization and attempt to monopolize directly and proximately cause damage to TSI's business by causing TSI to lose sales and incur unnecessary legal expenses in an amount to be determined at trial.

WHEREFORE, TSI prays the Court enter a judgment in its favor and against Precision and award TSI compensatory damages, exemplary damages pursuant to Iowa Code Section 553.12, costs, reasonable attorney's fees, and such further relief as the Court deems appropriate.

## COUNT III
### (Unfair Competition)

38.     TSI restates and incorporates by reference herein paragraphs 1 through 37 of its Complaint.

39.     As set forth in Claim I above, the '478 and '462 patents are invalid and unenforceable.

40.     In light of the invalidity and unenforceability of the '478 and '462 patents, Precision has engaged in acts of unfair competition as follows:

a.     On information and belief, Precision has contacted customers and prospective customers of TSI asserting Precision's alleged rights in the '478 and '462 patents and of their intent to enforce the same;

b.     Filing litigation against TSI in Oregon with full knowledge that the '478 and '462 patents were fraudulently procured.

c.     Threatening TSI with litigation if it does not enter into a licensing agreement with Precision.

41.     Precision has additionally engaged in acts of unfair competition by knowingly filing invalid patent applications after viewing TSI products with an intent to claim TSI products as its own and prohibit TSI from selling its products.

42.     TSI has incurred damages in an amount to be proven at trial as the result of the above-described acts of Precision.

43.     Precision has acted willfully and wantonly in carrying out the above-described acts, thus entitling TSI to exemplary damages.

WHEREFORE, TSI prays this Court enter judgment in its favor and against Precision, and award TSI compensatory damages, exemplary damages, costs, reasonable attorney's fees and such further relief as the Court deems appropriate.

## COUNT IV
### (Abuse of Process)

44.     TSI restates and incorporates by reference herein paragraphs 1 through 43 of the Complaint.

45.     TSI alleges that on or about the 15th day of June, 2005, Precision filed suit against TSI in the United States District Court for the District of Oregon, Case No. 05-873MO.

46.     On or about August 20, 2003, Precision filed a patent applications that eventually resulted in the '478 and '462 patents.  Precision failed to inform the Patent Office of its own prior sales and offers for sale of the inventions claimed in the '478 and '462 patents.  Precision knew the '478 and '462 patents would not have issued had the prior sales and / or offers for sale been disclosed to the Patent Office.  Precision intentionally withheld the prior sales and / or offers for sale from the Patent Office to obtain allowance of the '478 and '462 patents.  Precision has now asserted the '478 and '462 patents against TSI.

47.     Precision used the legal process primarily to force TSI into licensing negotiations and in an improper attempt to gain or maintain monopoly power in the stop/gauge and pusher systems market.

48.     Precision's use of the legal process for the improper purposes listed above was the approximate cause of TSI damage.

49.     TSI has been damaged by Precision's actions in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, TSI prays the Court enter a judgment in its favor and against the

Precision, and award TSI compensatory damages, exemplary damages, costs, reasonable

attorney's fees, and such further relief as the Court deems appropriate.

**JURY DEMAND**

TSI hereby demands a jury trial for all claims set forth in Plaintiff's Complaint.


Respectfully submitted,


/s/ R. Scott Johnson
Edmund J. Sease
R. Scott Johnson
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  johnson@ipmvs.com

ATTORNEYS FOR PLAINTIFF, TECHNICAL
SERVICES, INC.